# CHARLESTON.

LOBBAN *et al. v.* ELY *et al.*

Submitted March 15, 1910.　　　Decided October 31, 1911.

FRAUDULENT CONVEYANCES—*Participation of Grantee.*

> To maintain a suit to set aside a deed of trust as one made with intent to hinder, delay, or defraud creditors, it must be shown that the trustee or the beneficiary participated in the unlawful intent. (p. 618).

Appeal from Circuit Court, Monroe County.

Bill by J. G. Lobban and others against Ralph H. Ely and others. Decree for defendants, plaintiff appeals.

*Affirmed.*

*Rowan & Meadows,* for appellants.

*T. N. Read,* for appellees.

ROBINSON, JUDGE:

This suit is one attacking a deed of trust as being in fraud of creditors. There is a decree dismissing plaintiffs' bill. That decree is warranted by the record. We shall affirm it.

To maintain a suit of this character a plaintiff must show by a preponderance of evidence that the trustee or the beneficiary in the deed of trust participated in intent on the part of the grantor to hinder, delay, or defraud his creditors. "In this state the trustee in a deed of trust or assignment made to secure creditors is regarded as a purchaser for value, and in order to make void the deed, notice of the grantor's fraudulent intent must in some way be brought home to him or to the creditor." *Douglas Merchandise Co.* v. *Laird,* 37 W. Va. 687. See also: *Baer Sons Grocer Co.* v. *Williams,* 43 W. Va. 323; *Merchants Bank* v. *Ballou,* 98 Va. 112; 6 Enc. Dig. Va. & W. Va. Rep. 624. In this case it is not established that the trustee or the beneficiary participated in any such intent. It is not established that Crawford, the beneficiary, or Guinn, the trustee, intended to injure any creditor of Ely, the grantor, when the deed of trust was executed to secure a loan of $700 in cash made by Crawford to Ely at the time. The slight inferences that Crawford so intended, arising from the mere circumstances presented, are not sufficient to establish the fact that he meant to hinder, delay, or defraud anybody, especially in view of his sworn testimony in the case. By no means can we say that the chancellor erred in pronouncing the decree. Even were the evidence more conflicting than it is, we could not reverse. "When the evidence relating to fraud is conflicting and tends to support the decree of the circuit court, such decree will not be disturbed unless plainly wrong." *Sibley* v. *Stacey,* 53 W. Va. 293.

*Affirmed.*